UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CaRissa Willis,

Plaintiff,

v.

YMCA of Findlay, Ohio, et al.,

Defendants.

Case No. 3:26-cv-630

ORDER

On August 26, 2026, I ordered *pro se* Plaintiff CaRissa Willis and Defendants' counsel to "hold the Rule 26(f) conference at a mutually convenient time, in person or by phone or video conference" by September 18, 2026; Defendants' counsel to "take the lead on coordinating the logistics of the requisite conference (e.g., date, time, manner)"; and "[w]ithin fourteen days of the date of their Rule 26(f) conference, and no later than October 2, 2026, Defendants' counsel shall electronically file the parties' **jointly** proposed discovery plan." (Doc. No. 16).

Neither Ms. Willis nor Defendants' counsel sought an extension of the deadlines set by my Order. Instead, on October 2, 2026, Defendants' counsel filed a unilateral report and explained:

> The parties exchanged multiple drafts of the Rule 26 Report, and largely were able to reach agreement on Case Management. However, the Parties were unable to find a mutually agreeable time to hold a phone conference to finalize the report, despite their communications since September 23, 2026. Accordingly, Defendants submit the attached incomplete report to reflect the Parties' position on agreed issues.

(Doc. No. 17). Defendants' counsel does not indicate what attempts, if any, were made to set up the required Rule 26(f) conference prior to September 23, 2026 – five days after the conference was to be *held*. Defendants' counsel also makes no attempt to explain why the parties did not timely or

even belatedly seek an extension of the deadlines so that they could comply with Rule 26(f) and my Order. Instead, Defendants' counsel essentially suggests the parties should be excused from complying with Rule 26(f). I'm afraid this is unacceptable.

The Federal Rules of Civil Procedure and the Orders of this Court are not, of course, mere suggestions. Both *pro se* litigants and counsel must comply. While I am amenable to requests for reasonable extensions of deadlines for good cause shown, the parties cannot simply disregard my Orders in whole or in part. With this, I order the following:

1.) Defendants' counsel shall contact Ms. Willis no later than **October 23, 2026**, and provide her with dates and times they are available to hold the Rule 26(f) conference in person, by phone, or by video conference prior to **November 19, 2026**, and propose the method in which the conference will be held (i.e., in person, by phone, or by video conference).

2.) Ms. Willis shall choose one of the times and methods offered by Defendants' counsel and inform Defendants' counsel of her choice no later than **October 27, 2026**.

3.) The Rule 26(f) conference shall then be held at that mutually agreeable date and time and in that mutually agreeable manner no later than **November 19, 2026**.

4.) During the Rule 26(f) conference, the participants shall discuss "the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Fed. R. Civ. P. 26(f)(2). The proposed discovery plan must be a jointly proposed and be substantially in the form of Attachment 1. With this, I remind Plaintiff and Defendants' counsel that they "are jointly responsible . . . for attempting in good faith to agree on the proposed discovery plan." Fed. R. Civ. P. 26(f)(2). If the parties are unable to reach an agreement on any part of the proposed discovery plan, their response to the disputed point(s) must:

a. State each of their respective positions on the disputed point;

b. Explain the reasoning for their respective positions; and

c. Offer any applicable legal authority to support their respective position.

5.) Within fourteen days of the date of their Rule 26(f) conference, and no later than **December 3, 2026**, Defendants' counsel shall electronically file the parties' **jointly** proposed discovery plan.

If the parties require an extension of any deadline, they must file a motion prior to the date of the subject deadline that includes a specific and compelling showing of cause for the extension sought. If the parties fail to comply with this Order, the parties and their representatives will be ordered to appear for a show cause hearing.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge